

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00556-CV

Salim **MERCHANT**,
Appellant

v.

**SOUTH TEXAS MERCHANT ASSOCIATION COOPERATIVE**, Quest Distributors LLC,
STMA Business LLC, STMA Properties LLC, Sadruddin Sarfani, Hasam Ali, Mustak Ali,
Rahim Ali, Saleem Ali Noorallah Dhuka, Alina Jindani, Iqbal Karadiya, Nooru Lalani, Nizarali
Maredia, Amin P. Mohammad, Amin V. Mohamed, Inayatali Momin, and Ruknuddin Momin,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI14923
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: November 21, 2018

DISMISSED FOR WANT OF PROSECUTION

Appellant Salim Merchant appeals from the trial court's judgment granting the appellees'

motion for a directed verdict. Appellant, who is not an attorney, is representing himself in this

appeal.

Because Appellant twice failed to file a brief that complies with the Texas Rules of

Appellate Procedure, we dismiss this appeal for want of prosecution.

**APPELLANT'S ORIGINAL BRIEF**

On October 11, 2018, Appellant filed a pro se brief. Appellant's brief recited alleged facts pertaining to his claims against the South Texas Merchant Association Cooperative and members of the cooperative (Appellees). Appellant's original brief referenced the trial court proceedings, complained that the trial court erred in granting a directed verdict in Appellees' favor, and prayed for Appellant to be reinstated in STMAC, appointed as a director, and awarded punitive damages.

On October 22, 2018, we notified Appellant that his brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We noted his brief did not include the following: Identity of Parties and Counsel, Table of Contents, Index of Authorities, Statement of the Case, Statement of Facts (that complies with the Rules), Argument, an Appendix (that complies with the Rules), or a Certificate of Compliance. *See id.* R. 9.4, 9.5, 38.1.

We also warned Appellant of additional defects. No part of the brief contained any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The brief recited alleged facts and complaints, but the brief did not state how the trial court erred. *Contra id.* The brief did not present any legal arguments, with appropriate citations to authorities and the record, or present any legal basis for this court to reverse the trial court's judgment. *Contra id.* Further, the original brief did not recite the standard of review, and, except for a single reference to one statute, it contained no citations to rules or statutes, or any references to case law. *Contra id.* (requiring "appropriate citations to authorities").

Because the brief flagrantly violated Rule 38.1, we struck Appellant's original brief and ordered him to file an amended brief. We warned Appellant that his amended brief must correct all the violations listed in our October 22, 2018 order and fully comply with the applicable rules. *See, e.g., id.* R. 9.4, 9.5, 38.1. We warned Appellant that if his amended brief did not comply with

our order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

### APPELLANT'S AMENDED BRIEF

On November 1, 2018, Appellant filed an amended brief. The amended brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1.

Not counting the separate page for the certificate of service, the amended brief's four pages contain an introduction, a statement of facts, and a conclusion and prayer. Like the original brief, no part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The amended brief recites alleged facts and complaints, but it does not state how the trial court erred or present any legal arguments, with appropriate citations to authorities and the record, to present any legal basis for this court to reverse the trial court's judgment. *Contra id.* Further, the amended brief does not recite the standard of review. Except for three section numbers that appear to be references to statutes, but without identifying the statutes, the amended brief contains no citations to rules or statutes, or any references to case law. *Contra id.* (requiring "appropriate citations to authorities"). Appellant's amended brief does not present anything for appellate review.

### CONCLUSION

Appellant has twice failed to submit a brief that complies with the Texas Rules of Appellate Procedure. Even with his amended brief, Appellant has presented nothing for this court to review. We necessarily strike Appellant's amended brief, prohibit him from filing another, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM